**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4536**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

MICHAEL D. PAHUTSKI,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Martin K. Reidinger,
District Judge.  (3:07-cr-00211-MR-1)

_____

Submitted:  January 31, 2012      Decided:  February 9, 2012

_____

Before KING, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Sandra Barrett, Asheville, North Carolina, for Appellant. Kurt
William Meyers, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael D. Pahutski, a mortgage broker, faced criminal charges based on his alleged participation in a mortgage fraud conspiracy. Pahutski pled guilty without benefit of a plea agreement to all twenty-one counts against him. The district court sentenced Pahutski to 228 months in prison and ordered him to pay $3,563,125.27 in restitution. Pahutski timely appealed.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Pahutski's motion to withdraw his guilty plea, whether the district court properly calculated, for sentencing purposes, the amount of loss caused by the conspiracy, and whether Pahutski received effective assistance of counsel in the district court.

Pahutski has filed a supplemental pro se brief in which he asserts the same three errors raised by appellate counsel. In addition, he claims that the Government was vindictive and malicious in its prosecution of him; his constitutional rights to due process and a fair and speedy trial were violated; and his right to examine all of the evidence against him was violated.

First, we conclude that the district court did not abuse its discretion in denying Pahutski's verbal motion, made

2

at sentencing, to withdraw his guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating review standard). The court heard from counsel and from Pahutski himself on the matter, addressed the Moore factors, United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and found that the Rule 11 proceeding was properly conducted and that Pahutski did not show a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Our review of the record reveals no abuse of discretion by the district court. Therefore, this claim entitles Pahutski to no relief.

Next, both counsel and Pahutski question the correctness of the district court's amount of loss calculation. This court reviews for clear error the district court's calculation of the amount of loss. United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010). The Government bears the burden of proving the amount of loss by a preponderance of evidence. United States v. Pierce, 409 F.3d 228, 234 (4th Cir. 2005). "The [district] court need only make a reasonable estimate of the loss . . . , [and] the court's loss determination is entitled to appropriate deference." USSG § 2B1.1 cmt. n.3(C). Here, the Government presented reliable evidence at sentencing regarding the amount of loss, and it therefore cannot be said that the district court clearly erred in determining the amount of loss.

3

Both counsel and Pahutski also question whether Pahutski received constitutionally effective assistance of trial counsel. In the absence of conclusive evidence of ineffective assistance of counsel on the face of the record, such claims are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively establish or even suggest that trial counsel rendered ineffective assistance, we decline to consider this claim on direct appeal. Pahutski may pursue the claim in a motion to vacate, 28 U.S.C.A. § 2255 (West Supp. 2011). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with Anders, we have examined Pahutski's remaining pro se claims and the entire record for potentially meritorious issues and have found none. We affirm the judgment of the district court and deny as premature Pahutski's pending motion for post-conviction relief, deny Pahutski's motion to strike his counsel's submissions, and deny counsel's motion to withdraw. This court requires that counsel inform Pahutski, in writing, of his right to petition the Supreme Court of the United States for further review. If Pahutski requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew her motion to withdraw. Counsel's motion must state that a copy thereof was served on Pahutski. We dispense with oral argument because the

4

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED